IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUAN BENJAMIN VARGAS,** | : CIVIL ACTION NO. 1:24-CV-302 |
| Petitioner | : (Judge Neary) |
| v. | : |
| **WARDEN D. CHRISTENSEN,** | : |
| Respondent | : |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Juan Benjamin Vargas, challenges several disciplinary sanctions imposed by the United States Bureau of Prisons that resulted in him losing good conduct time credit. The petition will be dismissed for Vargas's failure to exhaust administrative remedies.

### I. Factual Background & Procedural History

Vargas is serving a 210-month sentence of imprisonment imposed by the United States District Court for the Eastern District of Virginia for possession of an unregistered firearm, assault on a law enforcement officer, and carjacking. (Doc. 8-3 at 3). He is housed in Allenwood United States Penitentiary ("USP-Allenwood").

Vargas filed the instant case on February 12, 2024, and his petition was received and docketed on February 20, 2024. (Doc. 1). The case was initially assigned to United States District Judge Christopher C. Conner. Vargas filed an amended petition on March 14, 2024. (Doc. 7). In his amended petition, Vargas challenges four disciplinary sanctions that have resulted in him losing good time credit that would have entitled him to an earlier release. (Id.)

Respondent responded to the petition on April 3, 2024, arguing that it should be dismissed for failure to exhaust administrative remedies and that it otherwise fails on its merits. (Doc. 8). Vargas has not filed a reply brief, and the deadline for doing so has expired. The case was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement.

**II.    Discussion**

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62. The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is

2

unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Vargas's petition should be dismissed for failure to exhaust administrative remedies because none of the five administrative remedy requests he filed during the relevant period pertain to the disciplinary sanctions he challenges in this petition and none of them were appealed through any stages of the BOP's appellate process. (Doc. 8 at 11). Respondent has attached several exhibits to support the contention that Vargas failed to exhaust administrative remedies. (See Docs. 8-2 – 8-16). Vargas has not responded to this argument through a reply brief or any other means, nor has he advanced any argument that his failure to exhaust administrative remedies was due to the administrative remedy process being unavailable. Accordingly, his petition will be dismissed for failure to exhaust administrative remedies.

### III.   Conclusion

The petition for writ of habeas corpus is dismissed for failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   March 12, 2025